Filed 10/21/22 In re I.B. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re I.B., a Person Coming Under the Juvenile Court Law. | |
| ALAMEDA COUNTY SOCIAL SERVICES AGENCY,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL B.,<br><br>    Defendant and Appellant. | A164574<br><br>(Alameda County<br>Super. Ct. No. JD-033548-01) |

Appellant Michael B. (Father) appeals from an order adjudging his daughter, I.B., a dependent minor and placing her in the care of I.B.'s mother, D.A. (Mother, who is not a party to this appeal). His sole argument on appeal is that the juvenile court erred when it declined his attorney's request to continue the jurisdiction/disposition hearing because Father was incarcerated. Although Father had a right to be present for the hearing, any error in declining to continue the hearing was harmless. We therefore affirm.

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

Three-year-old I.B. came to the attention of respondent Alameda County Social Services Agency (the Agency) in spring 2021 after reports that Father tried to pistol whip Mother. The parents have never been married, their relationship ended when I.B. was around one, and Mother apparently was raising her daughter mostly on her own. The minor's teeth were visibly rotting and she experienced pain when eating.

The Agency filed a juvenile dependency petition in May 2021 under Welfare and Institutions Code section 300,[1] subdivision (b)(1) (failure to protect) based on domestic violence between the parents in April and May, as well as on the minor's severe tooth decay. The petition also alleged that Father's willingness or ability to provide the minor with adequate support was unknown. (§ 300, subd. (g) [no provision for support].) The juvenile court detained the minor from Father, and she remained in Mother's custody.

The Agency recommended in a June 2021 jurisdiction/disposition report that the juvenile court sustain the dependency petition, that the minor remain with Mother, and that Mother and the minor receive family-maintenance services while Father receive informal child-welfare services. The report stated that Father denied harming Mother.

An amended dependency petition that dropped allegations regarding the minor's tooth decay was filed in early September 2021. The parties appeared for a jurisdiction/disposition hearing a few days later, on September 14. Father's counsel stated she had not yet seen the amended

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

petition, and counsel sought a brief continuance so that she could discuss the petition with Father. The court set the matter for a contest in October.

As of mid-October, the Agency still recommended that the minor remain in Mother's custody, with family-maintenance services for them and informal child-welfare services for Father. The social worker reported that Father often did not follow through with communication from the Agency and that it was difficult to arrange visitation for him.

A contested jurisdiction hearing began on October 20, 2021. Father appeared remotely. The social worker testified about what she had learned regarding three instances of domestic abuse by Father: the incident in which Father tried to pistol whip Mother, an incident in April 2021 when Father went to Mother's home and yelled for her to come out, and an incident in May when Father threatened to shoot or burn Mother. According to the social worker, Father denied that these incidents took place. The social worker found Mother to be credible based on her (the social worker's) work with domestic-violence resources and based on Mother's reports that her daughter experienced behaviors believed to be related to having experienced domestic violence. Father, by contrast, had not been an active participant in the case. Father's counsel cross-examined the worker, but the cross-examination was not completed by the end of the day, and the hearing was continued until December 1.

When the parties met again on December 1, Mother had a new attorney, and she requested a continuance. The juvenile court granted the request, and the matter was continued until January 14, 2022. But on January 13, the juvenile court informed the parties of the need to travel unexpectedly, and the matter was again continued, this time until February 2.

At the start of the February 2 hearing, Father's counsel reported that Father was in jail facing felony charges. Counsel requested a continuance. The court recognized that Father had a right to attend the hearing but stated, "I don't believe that a continuance is in the best interest of the child at this point given the age of the case." Father's counsel objected that it was "essential" that Father be present to assist with his representation. Citing *D.E. v. Superior Court* (2003) 111 Cal.App.4th 502, the court stated it "must hold a disposition hearing within the time limits of [section] 352 even when an incarcerated parent's statutory right to be present at the hearing is violated through no fault of the parent, which I think is the situation that we have here." The court observed that the case was "probably the oldest" on its docket and stated "we did start the trial and we need to finish it." Father's counsel then asked for a continuance until the following day to secure Father's presence, but the court said there was "no point in continuing the matter to a Thursday" (the next day) since the jail's video room was available for parents only on Tuesdays. The court denied the request for a continuance because it found there was not good cause for one.

Father's counsel continued her cross-examination of the social worker. Following testimony and argument, the juvenile court described the case as "very much a 'he said' and 'she said' scenario" and acknowledged that it would have been beneficial to have the parents testify in order to evaluate their credibility. The court found there was "just enough evidence" to sustain the allegations in the petition. As for disposition, the court had concerns about evidence of substance use by Mother but nonetheless followed the Agency's recommendation and placed the minor in her care.

After Father appealed, a supplemental dependency petition was filed (§ 387) alleging that Mother had not engaged in relapse-prevention treatment

and that she had tested positive three times for several substances. I.B. was ordered detained from Mother and apparently placed with a relative. At a hearing in July 2022, the juvenile court sustained allegations in the supplemental petition.

## II.
### DISCUSSION

Father argues that the juvenile court prejudicially erred by depriving him of his right to attend the continued portion of the jurisdiction/disposition hearing. We conclude that under the circumstances any error was harmless.

As a person in custody in a county jail, Father had a right to be present at the jurisdiction/disposition hearing. (Pen. Code, § 2625, subds. (a) & (d).) He argues, and the Agency concedes, that the juvenile court was mistaken to the extent it thought it was strictly bound by section 352, subdivision (b), which provides that the dispositional hearing must be held within six months of detention *if the minor has been removed from parental custody*. Because I.B. remained in Mother's care, these time limits did not apply. (Cf. *D.E. v. Superior Court*, *supra*, 111 Cal.App.4th at p. 513 [where child is in protective custody, strict time limits of § 352 may prevail over parental right to attend hearing under Pen. Code, § 2625].)

But as Father recognizes, we apply a harmless-error standard of review to any violation of his statutory right to be present at the dispositional hearing. (*D.E. v. Superior Court*, *supra*, 111 Cal.App.4th at p. 513.) We reverse only if it is reasonably probable that a result more favorable to Father would have been reached had he been present for the hearing. (*People v. Watson* (1956) 46 Cal.2d 818, 836; *In re M.M.* (2015) 236 Cal.App.4th 955, 963; *D.E.* at pp. 513–514; but see *In re Christopher L.* (2020) 56 Cal.App.5th 1172, 1187–1188 [concluding that *Watson* review was appropriate but also analyzing error under higher standard of *Chapman v.*

*California* (1967) 386 U.S. 18]; *In re Christopher L.* (2022) 12 Cal.5th 1063, 1083–1084 [affirming *Christopher L.* but not reaching question of prejudice analysis].) Father cannot show prejudice under this standard.

Father notes that he "denied there had been any domestic violence and expressed significant concerns about Mother, including her ability to safely parent" I.B. He claims that "[h]ad the juvenile court heard testimony from Father and observed his demeanor and believed his version of the events, there can be no doubt that the outcome of the proceedings would have been different." But the fact is that Father made clear since the start of proceedings that he denied harming Mother, and the juvenile court acknowledged his position. Even if Father had testified, the juvenile court still had before it evidence that I.B. displayed behaviors consistent with having experienced domestic violence. And although Mother did not testify, the social worker was able to testify as to Mother's credibility because she had engaged in her case plan. Father, by contrast, had not engaged. We recognize "the vital role that live testimony plays in a court's assessment of credibility and its evaluation of conflicting evidence." (*In re M.M.*, *supra*, 236 Cal.App.4th at p. 964.) But under the circumstances presented here, we cannot conclude that it is reasonably probable that a result more favorable to Father would have been reached had he been present for the hearing

### III.
### DISPOSITION

The Agency's unopposed September 8, 2022 request for judicial notice is granted.

Father's unopposed September 26, 2022 request for judicial notice is granted.

The trial court's February 2, 2022 order is affirmed.

_____

Humes, P.J.

WE CONCUR:

_____

Margulies, J.

_____

Banke, J.

*In re I.B.* A164574